SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:24-cr-00175-MO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MAXIMILIANO ESTRADA-BURGOS,** | |
| **Defendant.** | |

The government asks the Court to impose a sentence of 18-months' imprisonment, to be followed by a three-year term of supervised release. Defendant has already been in custody for just over eight (8) months as a result of numerous violations of his pretrial supervision. The defendant was a lower-level cocaine dealer who, in addition to dealing drugs, also possessed firearms. At the relatively young age of 24, he is quickly collecting a series of criminal convictions arising from both dangerous and reckless behavior, undoubtably influenced in part by his ongoing substance abuse issues. The defendant is likely at a reflection point – he can learn from and embrace the services of federal supervision going forward to course correct the path he is on, or he is looking at continuing a cycle of criminal conduct, arrests, and custodial

**Government's Sentencing Memorandum**            **Page 1**

sentences. We hope he uses this time in the federal system to chose a more productive path going forward. Given the nature of the case, defendant's criminal history, and his litany of violations while on supervision – of both federal pretrial supervision and state supervision – we believe our recommended sentence is reasonable.

A.      **Summary of Proceedings.**

On December 2, 2025, the defendant entered a guilty plea to Count 1 of an Amended Information which charged him with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). The maximum sentence the Court may impose is a term of 20 years' imprisonment, a fine of $1,000,000, and at least three years of supervised release. The count of conviction carries a $100 fee assessment.

A Presentence Report (PSR) has been completed. The government believes that the facts underlying the defendant's count of conviction (PSR ¶¶ 29 - 40), his Sentencing Guideline calculations (PSR ¶¶ 46 - 55), and Criminal History (PSR ¶¶ 58 – 60, 64 - 66) are correctly outlined in both the PSR and plea agreement. In his plea agreement defendant admitted that:

> [O]n or about February 26, 2024, here within the District of Oregon, law enforcement investigators executed a federal search warrant on his residence and found approximately 234 grams of cocaine, a Schedule II controlled substances. Inside the defendant's residence investigators also found three firearms, baking soda, packaging material, digital scales, a vacuum sealer, utensils used for mixing cocaine, ammunition, and a ballistic vest. Trained drug investigators would testify that the amount of cocaine seized, as well as the presence of additional items used in the manufacture and distribution of cocaine, indicated the cocaine was possessed for purposes of further distribution.

Plea Agreement ¶ 6.

The case against the defendant arose after law enforcement received information that the defendant was dealing cocaine. Following a series of controlled drug buys into the defendant, on

February 26, 2024, investigators with the Westside Interagency Narcotics (WIN) team and FBI executed federal search warrants on the defendant's vehicle and residence. Inside defendant's residence Investigators found and seized approximately 234 grams of cocaine, three firearms, and a ballistic vest. *See* PSR ¶¶ 29 – 40. Pictures of the seized cocaine, firearms (9mm Glock 19 pistol, Smith and Wesson M&P 15 AR-15 5.56 caliber rifle, and Mossberg 590 12 gauge shotgun), and ballistic vest are below:


*Cocaine*


*9mm Glock 19 pistol*

///

///

///



*Smith and Wesson M&P 15 AR-15 rifle*



*Mossberg 590 12 gauge shotgun*



*Ballistic Vest (with inserted plates)*

B.   **Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'... and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id*.

The parties agree that defendant's relevant conduct, pursuant to USSG §§ 1B1.3 and 2D1.1(a), involves approximately 234 grams of cocaine for an initial Base Offense Level of 18. PSR ¶ 46, Plea Agreement ¶ 8.

Because defendant possessed a firearm in connection with his offense, pursuant to USSG § 2D1.1(b)(1), the parties believe his offense level should be increased by two-levels. PSR ¶ 47, Plea Agreement ¶ 9.

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to USSG § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in his offense level. PSR ¶¶ 53 - 54, Plea Agreement ¶ 12.

Prior to any additional departures or variances, the defendant's initial Adjusted Offense Level is 17. With a Criminal History Category of II, defendant's initial advisory sentencing guideline range is 27 to 33 months' imprisonment.

The U.S. Probation Office is recommending a downward variance that is the equivalent of one level and a sentence of 24 months' imprisonment.

///

///

**Government's Sentencing Memorandum**                                                                 **Page 5**

### C. Government's Recommended Sentence.

We ask the Court to impose a sentence of 18-months' imprisonment, to be followed by a three-year term of supervised release. This is the equivalent of an additional two-level downward adjustment from the U.S. Probation Office's recommendation.

The defendant, although a lower-level dealer, was selling cocaine and while doing so he possessed three firearms, as well as a ballistic vest. Defendant's drug dealing, by itself, was dangerous to the community. However, when you factor in his possession of firearms, which included a high-powered rifle and shotgun, as well as his ongoing substance abuse, the dangers to the public and the defendant himself are greatly magnified.

The government understands that the defendant will be seeking a sentence of credit for time served. At this point, as a result of repeated violations of his pretrial supervision, the defendant has already been in and out of custody for approximately eight (8) months and five (5) days. *See* PSR Release Status. Given the nature of his repeated pretrial release violations, his criminal history, his multiple violations of state supervision, and the nature of this offense the government cannot support such a request.

We recognize that the defendant suffers from substance abuse issues – but those substance abuse issues did not bring us into federal court, rather it was the defendant's drug dealing and possession of firearms that did so. Additionally, the defendant's criminal history, which includes convictions for Reckless Driving and Driving Under the Influence (2021), Assault in the Fourth Degree (2021), and Recklessly Endangering Another Person (2021), also counsel caution. *See* PSR ¶¶ 58 – 60. Furthermore, after he was arrested on the federal case the defendant was offered repeated opportunities to turn things around while on pretrial supervision and engage in drug treatment – efforts he ultimately rebuffed. *See* PSR ¶¶ 20 – 28.

Defendant's time in pretrial custody probably did him a service. At his change of plea he appeared much more lucid than at some of his prior hearings. It has also forced him to clean himself up from drugs and has hopefully placed him in a better position for success going forward while on supervised release, whenever he is released from custody.

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, we believe a sentence of 18-months' imprisonment is reasonable. We ask the Court to impose it, to be followed by a three-year term of supervised release.

At the time of sentencing the government will ask the Court to dismiss Count 2.

There is an appeal waiver.

Dated: February 26, 2026.                    Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney